Filed 10/22/25  P. v. Cunningham CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LOGAN JAMES CUNNINGHAM,<br><br>    Defendant and Appellant. | G064818<br><br>(Super. Ct. No. 16CF3056)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Logan James Cunningham appeals the denial of his petition for resentencing under Penal Code section 1172.6.[1] His court-appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth the facts of the case, advising he found no viable issue, and asking this court to conduct an independent review. We have exercised our discretion under *Delgadillo* to examine the record and have also evaluated a supplemental brief filed by Cunningham. Finding no arguable issue, we affirm.

FACTS

Cunningham was driving Jason Torres home when "they began to argue" and both "threw punches. Eventually, Cunningham stabbed Torres," who "died as a result." (*People v. Cunningham* (Nov. 6, 2019, G056716) [nonpub. opn.] (*Cunningham*).)

Cunningham was charged with a single count of murder. (§ 187, subd. (a).) The information alleged he personally used a deadly weapon (§ 12022, subd. (b)(1)) and did not indicate anyone else was involved.

The jury convicted Cunningham of second degree murder and found he personally used a deadly weapon. He was sentenced to 16 years to life. We affirmed. (*Cunningham, supra*, G056716.)

In 2023, Cunningham filed a petition for resentencing under section 1170.95 (later renumbered section 1172.6), asserting he could not presently be convicted of murder under sections 188 and 189, which were amended in 2019 to limit the scope of the traditional felony-murder rule and eliminate the natural and probable consequences theory of murder. Cunningham did not claim another person was involved in Torres's death.

---

[1] All statutory references are to the Penal Code.

After appointing counsel and conducting a hearing on the petition, the trial court concluded Cunningham was ineligible for resentencing because he was not "convicted under any now-void legal theory of murder as described in section 1172.6." The court explained that a "review of the record of conviction, including the instructions presented to the jury at trial, makes clear there was no felony murder doctrine or natural and probable consequences theory upon which the jury could have convicted [Cunningham]. [He] was determined to be the actual killer and had the requisite intent. Therefore, [Cunningham] would still be guilty of murder under currently valid law." (Some capitalization omitted.)

Cunningham filed a notice of appeal, and this court appointed counsel to represent him. Appellate counsel filed a brief advising he found no arguable issue and asked us to follow the procedures set forth in *Delgadillo, supra*, 14 Cal.5th 216. Cunningham himself filed a supplemental brief asserting five issues: (1) "Violation of Equal Protection and Legislative Purpose"; (2) "Misapplication of the Provocative Act Doctrine and the Malice Requirement"; (3) "Spurring Precedent Requires Clear Malice, Not Imputed Culpability"; (4) "Insufficient Prima Facie Evaluation at the Resentencing Stage"; and (5) "Overreliance on the Jury Verdict as Conclusive Evidence of Personal Malice."

DISCUSSION

Effective January 1, 2019, the Legislature amended the Penal Code to limit the scope of the felony-murder rule and eliminate natural and probable consequences liability for murder as it applies to aiding and abetting. (§§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2–3.) Individuals who were convicted under the former laws on murder may seek resentencing or to have their convictions vacated if their

3

conduct did not constitute murder as redefined under current law. (§ 1172.6, subd. (a).)

The trial court denied Cunningham's resentencing petition because Cunningham was convicted under the still-valid theory of murder committed with malice aforethought. (§§ 187, subd. (a); 188, subd. (a).) After reviewing the record, we agree. The record of conviction conclusively establishes, with no factfinding or weighing of evidence, that Cunningham was the "'actual killer'" not covered by "change in the law." (*Delgadillo, supra*, 14 Cal.5th at p. 223; see *People v. Patton* (2025) 17 Cal.5th 549, 564, 569–570 (*Patton*) [affirming summary denial where the defendant was the sole perpetrator].) Neither the record nor Cunningham's counsel suggests any aiding or abetting or that any other individual was involved in Torres's death other than Torres and Cunningham.

Cunningham's supplemental brief implies a possibility of a third person involved but does not offer any "specific facts." (*Patton, supra*, 17 Cal.5th at p. 567; *id.* at p. 566 ["legal allegations that are merely conclusory" insufficient].) For example, in asserting a "[v]iolation of [e]qual [p]rotection and [l]egislative [p]urpose," Cunningham contends "the legislature sought to protect . . . low-level accomplices." But nowhere does he specify he acted as an accomplice. The same lack of "specific facts" (*Patton, supra*, 17 Cal.5th at p. 567) dooms his assertions concerning the provocative act doctrine, malice, prima facie resentencing evaluation, and the jury verdict. Nowhere does Cunningham disclaim he was the single direct perpetrator in the stabbing of Torres.

4

## DISPOSITION

The postjudgment order denying Cunningham's petition for resentencing is affirmed.

SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.